GRAHAM *v.* McRAE.

FISH, C. J. John McLeod executed a deed which, omitting the formal parts, was as follows: "This indenture made this the 17th day of September, eighteen hundred and ninety-two, between John McLeod and Elizabeth T. McLeod, both of county aforesaid, witnesseth, that the said John McLeod, for and in consideration of the sum of four hundred dollars, the receipt whereof is hereby acknowledged, does hereby sell and convey unto the said Elizabeth T. McLeod, her heirs and assigns, a certain tract or parcel of land situate in the county aforesaid, containing sixty-two acres, more or less, and bounded on the south by lands of McRae, on the west by lands of Adams, on the north by lands of Adams, and on the east by lands of David Williams, deceased, and known as the place whereon I; the said John McLeod, now live. Together with all the rights and privileges thereunto belonging, in fee simple, for and during her natural life, and at her the said E. T. McLeod's death then Anna McLeod, my sister, is to have and to hold the above-described land for and during her natural life, and at her death then the said described land is to belong to my daughter Elizabeth McLeod, provided that she is single and unmarried; but if the said Eliza-

bèth McLeod is married at the time of her Aunt Anna's death, then the said tract or parcel of land described above is to be divided equally between all my children. And the said John McLeod, his heirs, executors and administrators, the title to the premises aforesaid, will forever warrant and defend to the said Elizabeth McLeod, her heirs and assigns, against the lawful claims of all other persons." The grantor's sister, Anna, died before the death of his wife, and at the time of Anna's death the grantor's daughter, Elizabeth, was in life and unmarried. She subsequently married, and she and her husband were living at the death of the grantor's wife. *Held:*

1. On the death of Anna the entire estate in remainder vested in the grantor's daughter Elizabeth, with the right of possession postponed until the death of her mother, the first life-tenant.

2. The provision of the deed for an estate to the daughter Elizabeth was not void as being in restraint of marriage.

3. It was erroneous to refuse to dismiss the case on demurrer.

*Judgment reversed. All the Justices concur.*

JUNE 12, 1917.

Equitable petition. Before Judge Graham. Montgomery superior court. February 9, 1916.

*Eschol Graham,* for plaintiff in error.    *W. S. Mann,* contra.